FOLGER LEVIN LLP
Jiyun Cameron Lee (CSB No. 161667 jlee@folgerlevin.com)
Marie Jonas (CSB No. 278952 mjonas@folgerlevin.com)
Sherri M. Hansen (CSB No. 302903 shansen@folgerlevin.com)
33 New Montgomery Street, 19th Floor
San Francisco, California 94105
Telephone: 415.625.1050
Facsimile: 415.625.1091

Attorneys for Defendant
Whaleco Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Su Rincon, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>Whaleco Inc. dba Temu, a Delaware Corporation; and DOES 1 through 50,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441(b) [Diversity of Citizenship]**<br><br>**San Francisco County Superior Court, Case No. CGC-25-630756** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Whaleco Inc. ("Defendant") hereby removes to the United States District Court, Northern District of California the above-captioned action from San Francisco County Superior Court, Case No. CGC-25-630756. In support of removal pursuant to 28 U.S.C. § 1441, Defendant states as follows:

1. On or about October 31, 2025, Plaintiff filed a complaint in San Francisco County Superior Court, State of California, *Su Rincon v. Whaleco Inc. dba Temu*, Case No. CGC-25-630756 (the "State Action"). The Complaint asserts claims under California's Fair Employment and Housing Act ("FEHA") for sex discrimination, retaliation, sex harassment, violation of Labor Code § 1102.5(b): retaliation, and wrongful termination in violation of public policy.

2. On November 6, 2025, Plaintiff served a copy of the Summons and Complaint by

FOLGER LEVIN LLP
ATTORNEYS AT LAW

personal delivery on Whaleco's Agent for Process of Service pursuant to California Code of Civil Procedure § 415.10. A true and correct copy of all papers delivered to Defendant in the State Action are attached to the Declaration of Marie Jonas in Support of Removal ("Jonas Decl.") as Exhibit A.

3.    Diversity Jurisdiction:  This Court has original jurisdiction over the above-described civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. The action therefore is removed on the ground of diversity pursuant to 28 U.S.C. § 1441(b).

a.    Complete Diversity:  Plaintiff alleges in her complaint that she is a resident of and worked in the State of California. Compl., ¶¶ 1, 3. Defendant is informed and believes that Plaintiff is a citizen of the State of California.

b.    At the time of the commencement of this action, Defendant was, and still is, incorporated in the State of Delaware with its headquarters and principal place of business in the State of Massachusetts.

c.    Defendants DOES 1-50 are unidentified. Compl. ¶ 6. The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Accordingly, DOES 1-50 do not impact this Court's jurisdiction over this matter.

4.    Amount in Controversy: The amount in controversy requirement is also met. Plaintiff seeks (1) economic damages including lost wages and benefits, (2) non-economic damages for emotional distress, (3) punitive damages, and (4) attorneys' fees. Compl. ¶¶ 71-73, 79. Plaintiff's annual salary was greater than twice the jurisdictional amount of $75,000. Declaration of Qingqian Yao in Support of Removal, ¶ 2. Accordingly, Plaintiff's alleged damages for lost wages alone will exceed $75,000. Plaintiff's additional alleged future lost wages, emotional distress damages, punitive damages, and potential attorneys' fees further support that the amount in controversy is met.

5.    Other Removal Requirements Are Met: The United States District Court for the Northern District of California is the judicial district "embracing the place" where Plaintiff filed

this action and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

6.  Written notice of the filing of this Notice of Removal is being served on Plaintiff's counsel on this date, December 5, 2025.

7.  A true and correct copy of this Notice of Removal will be filed with the Clerk of the San Francisco County Superior Court, State of California.

8.  Removal of this action is timely, because this Notice of Removal is filed within 30 days of the Defendant's receipt of service of the complaint. 28 U.S.C. § 1446(b).

9.  All defendants that are required to join in this notice of removal have joined.

10.  Defendant has complied with 28 U.S.C § 1446(a) by filing, as Exhibit A to the Jonas Declaration, "a copy of all process, pleadings, and orders served upon" Defendant by Plaintiff.

WHEREFORE Defendant hereby requests that the civil action now pending against it in the San Francisco County Superior Court, State of California, be removed to this Court as provided by law.

Dated:  December 5, 2025                    FOLGER LEVIN LLP


                                            _____
                                            */s/ Marie Jonas*
                                            Marie E. Jonas
                                            Attorneys for Defendant
                                            Whaleco Inc.

4898-0135-7692, v. 2

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-3-
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT