FOLGER LEVIN LLP
Jiyun Cameron Lee (CSB No. 161667 jlee@folgerlevin.com)
Marie Jonas (CSB No. 278952 mjonas@folgerlevin.com)
Sherri M. Hansen (CSB No. 302903 shansen@folgerlevin.com)
33 New Montgomery Street, 19th Floor
San Francisco, California 94105
Telephone: 415.625.1050
Facsimile: 415.625.1091

Attorneys for Defendant
Whaleco Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Su Rincon, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Whaleco Inc. dba Temu, a Delaware Corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF MARIE JONAS IN SUPPORT OF REMOVAL OF CIVIL ACTION** |

I, Marie Jonas, declare as follows:

1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an attorney with Folger Levin LLP, counsel of record for Defendant Whaleco Inc. ("Defendant"). I submit this declaration in support of Defendant's Removal of Civil Action to Federal Court. I have personal knowledge of the matter stated in this declaration and, if called upon as a witness, could testify competently as to them.

2.     Attached hereto as **Exhibit A** is a true and correct copy of all papers served on Defendant in the State Action.

3.     On December 3, 2025, the parties stipulated to an extension of time to respond to the Complaint, to December 23, 2025. The change did not alter the date of any other deadline already fixed by the court. Attached hereto as **Exhibit B** is a true and correct copy of the email

memorializing the parties' stipulation.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 5th day of December 2025, in San Francisco, California.

/s/ Marie Jonas
Marie Jonas

4901-4872-1278, v. 1

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Whaleco Inc. dba Temu.; a Delaware Corporation; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Su Rincon, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister St., San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*

**CGC-25-630756**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zak Franklin(SBN 302042), Franklin Law PC, 100 Wilshire Blvd. Ste. 700, Santa Monica CA, 90401

DATE:
*(Fecha)* **10/31/2025**

Clerk, by
*(Secretario)* _____ **BENJAMIN YUST** _____ , Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  WHALECO INC. dba TEMU, A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Zak Franklin (SBN 302042) / Valerie Meyer (SBN 228586)<br>Franklin Law PC, 100 Wilshire Blvd. Ste. 700, Santa Monica, CA 90401<br><br>TELEPHONE NO.: 424-258-5129          FAX NO. *:*<br>EMAIL ADDRESS: zak@franklinlawpc.com / valerie@franklinlawpc.com<br>ATTORNEY FOR *(Name):* Plaintiff, Su Rincon | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**10/31/2025**<br>**Clerk of the Court**<br>BY: BENJAMIN YUST<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Rincon v Whaleco Inc dba Temu

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: **CGC-25-630756** |
|---|---|---|---|---|
| **[x]** Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter          [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **[x]** Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  **[x]** is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. **[x]** monetary  b. **[x]** nonmonetary; declaratory or injunctive relief  c. **[x]** punitive
4. Number of causes of action *(specify):* 5 (five)
5. This case [ ] is  **[x]** is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 30, 2025
Zak Franklin, Esq.
_____          ►          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff.
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Zak Franklin (SBN 302042)
Valerie Meyer (SBN 228586)
**FRANKLIN LAW P.C.**
100 Wilshire Blvd., Ste. 700
Santa Monica, California 90401
Telephone: (424) 258-5129
zak@franklinlawpc.com
valerie@franklinlawpc.com

Attorneys for Plaintiff
Su Rincon

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**10/31/2025**
**Clerk of the Court**
BY: BENJAMIN YUST
**Deputy Clerk**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

CGC-25-630756

| | |
|---|---|
| Su Rincon, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Whaleco Inc. dba Temu, a Delaware Corporation; and DOES 1 through 50,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violation of FEHA: Sex Discrimination**<br>2. **Violation of FEHA: Retaliation**<br>3. **Violation of Labor Code § 1102.5(b): Retaliation**<br>4. **Violation of FEHA: Sex Harassment**<br>5. **Wrongful Termination in Violation of Public Policy**<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Su Rincon ("Plaintiff") hereby brings this complaint against her former employer: Whaleco Inc. dba Temu, a Delaware Corporation ("Temu"); and DOES 1 through 50 (collectively, "Defendants"). Plaintiff complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction and Venue are proper in this Court because Defendants maintain or maintained offices in and do or did business in California at all relevant times, Defendants employed Plaintiff in San Francisco County, California, Plaintiff is and was a resident of California at all relevant times, and the events giving rise to the claims alleged herein occurred in Los Angeles County, California.

2.      The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## PARTIES

3.      Plaintiff is a resident of San Francisco County, California. Plaintiff is female and was employed by Defendants from February 24, 2025 to August 5, 2025.

4.      Whaleco Inc. is a Delaware Corporation doing business as Temu in San Francisco County as with a principal place of business in Boston, Massachusetts. Defendant Temu had at least five employees at all times relevant to this litigation.

5.      Temu is an e-commerce company founded in 2022.

6.      Plaintiff is informed and believes that Defendants DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

7.      Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

8.      Plaintiff is informed and believes, and on thereon alleges, that at all times herein mentioned each Defendant, including all Defendants sued under fictitious names, was the agent, employee, or representative of each of the remaining Defendants, and in doing the things hereinafter alleged, was at times acting within the course and scope of this agency or employment, and at other times, acting in his or her own individual capacity. In the alternative, each of the individually named Defendants, acted in concert and in furtherance of a fraudulent plan and scheme and each actively participated in the wrongful acts alleged in this complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER FEHA

9.      Each of Defendants is an employer as that term is defined under 2 Cal. Code Regs. § 11008(d)(1), subjecting it to the terms and obligations of the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, section 12960, *et seq*. Plaintiff has met all of the jurisdictional requirements for proceeding with her claims under the FEHA by timely filing administrative complaints with the California Civil Rights Department ("CRD") on October 22 and 23, 2025, and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue Letter") dated October 22, 2025.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.      Temu employed Plaintiff Su Rincon as a Recruitment Manager beginning February 24, 2025.

11.      As a Recruitment Manager, Plaintiff was responsible for developing and implementing recruitment plans and carrying out recruitment activities such as screening applicants, conducting interviews, and presenting potential candidates to hiring officials. She was also responsible for supporting other HR-related projects and tasks when necessary.

12.      On or about March 10, 2025, Plaintiff informed Temu of her pregnancy during a one-on-one call with her manager, Sarah Yao.

2<br>COMPLAINT

13. The next day, on or about March 11, 2025, Plaintiff informed Yao and a Temu human resources employee via email of her pregnancy and that she anticipated taking maternity leave beginning May 5, 2025.

14. After learning of Plaintiff's pregnancy, Temu harassed and retaliated against Plaintiff.

15. During their March 10, 2025 call, once Plaintiff told Yao of her pregnancy, Yao suggested that Plaintiff should put all her focus on her family. Plaintiff understood Yao to be questioning Plaintiff's ability to focus on work while expecting a child.

16. On March 12, 2025, Plaintiff and Yao had another call. Yao berated Plaintiff for more than an hour, including criticizing Plaintiff's job performance, negatively comparing her to colleagues, alleging that other employees had complained about Plaintiff, and setting unrealistic individual recruitment goals for Plaintiff.

17. Plaintiff was so distressed by the call with Yao that a health provider recommended that Plaintiff go to the hospital that afternoon. Plaintiff did go to the hospital that afternoon.

18. After returning from the hospital on March 12, 2025, Plaintiff worked into the wee hours because she was afraid of further unwarranted criticism of her job performance.

19. Plaintiff told a coworker that she was worried about unfair treatment because of her pregnancy.

20. During her first few weeks on the job, Plaintiff learned from a Temu Project Manager that Temu's business and human resources leaders would not hire Black or Latino candidates because they viewed them as "lazy and slow." Instead, Temu wanted to hire hard workers "like Chinese workers." During the same call, Plaintiff objected to Temu's racist characterizations of Black and Latino applicants.

21. Plaintiff continued to witness and oppose repeated discriminatory comments by other Temu employees about job candidates' race, national origin, age, and religion:

a. In or about April 2025, Temu managers asked Plaintiff about another candidate's racial background. Plaintiff stated that the candidate's race should not factor into hiring

decisions, but Temu made it clear they would not proceed with candidates of certain races or ethnicities.

b. In another incident, Temu employees criticized Plaintiff's presentation of a candidate, asking whether the candidate was Chinese and asking her why she would recommend a foreigner.

c. In a third incident, Temu employees asked about a candidate's age and whether he was "over the age limit," because Temu would not hire candidates over 45 years old for some roles.

d. In a fourth incident, Temu employees discussed their preference for Jewish candidates, strategizing about how to identify Jewish candidates using last names they perceived as common to Jewish people or associated with wealth.

22. Plaintiff took maternity leave from on or about May 1 to on or about August 4, 2025, to recover from pregnancy and childbirth-related medical conditions.

23. During Plaintiff's maternity leave, Temu hired Danny Zhang as a Global Human Resources Business Partner.

24. On Plaintiff's first day of work following her maternity leave, on or about August 5, 2025, Temu terminated her employment. Zhang claimed that Plaintiff was terminated because her position had been eliminated.

25. Temu's purported rationale for terminating Plaintiff's employment – elimination of her position – was pretext for discrimination against Plaintiff because of her pregnancy and childbirth and for retaliation against Plaintiff because of her leave due to pregnancy and childbirth-related medical conditions and/or opposition to Temu's discriminatory employment practices.

## FIRST CAUSE OF ACTION

## VIOLATION OF FEHA:

## SEX DISCRIMINATION

## (Against All Defendants)

4
COMPLAINT

26.   Plaintiff incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

27.   At all times herein mentioned, the California Fair Employment and Housing Act ("FEHA"), Gov't Code §§ 12900, et seq., was in full force and effect and was binding on Defendants.

28.   FEHA provides that it is an unlawful employment practice for an employer to discriminate against an employee because of the employee's sex. Cal. Gov't Code § 12940(_).

29.   Within the time provided by law, Plaintiff filed a complaint with the California Civil Rights Department ("CRD"), in full compliance with these sections, and received a right to-sue letter.

30.   As set forth more fully above, managing agents of Defendants, among others, discriminated against Plaintiff on the basis of sex by:

   a.   subjecting her to different terms and conditions of employment because of her pregnancy, including setting unrealistic individual recruitment goals; and

   b.   by terminating her employment because of her pregnancy and childbirth.

31.   As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits, pursuant to which Plaintiff is entitled to general and special damages according to proof.

32.   As a further direct, legal and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

33.   Plaintiff is informed and believes and thereupon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by the Defendants individually and as managing agents of the Defendants and/or ratified by the Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

34.    Wherefore, Plaintiff has been damaged as set forth above and requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

## VIOLATION OF FEHA;

## RETALIATION

## (Against all Defendants)

35.    Plaintiff incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

36.    At all times herein mentioned, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12900 *et seq.*, was in full force and effect and was binding on Defendants.

37.    FEHA provides that it is an unlawful employment practice for an employer to retaliate against an employee because the employee opposes discriminatory hiring practices and/or racist remarks or because the employee takes leave due to pregnancy, childbirth, or a related medical condition. Cal. Gov't Code §§ 12940(a), (h); 12945.

38.    Within the time provided by law, Plaintiff filed a complaint with the California Civil Rights Department ("CRD"), in full compliance with these sections, and received a right to sue letter.

39.    As set forth more fully above, Defendants:

a.    Unfairly criticized Plaintiff's performance, subjected her to unrealistic recruitment goals, and reprimanded her, leading her to require medical attention, in retaliation for Plaintiff's stated intent to take leave due to her pregnancy, childbirth, or related medical conditions and because Plaintiff objected to Defendants' discrimination against job candidates based on their protected characteristics, including without limitation their race, age, and national origin; and

b.    terminated Plaintiff after Plaintiff objected to Defendants' discrimination against job candidates based on their protected characteristics, including without limitation their race, age, and national origin, and after Plaintiff took leave due to pregnancy, childbirth, and

6
COMPLAINT

related medical conditions.

40.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants, who were acting at all times relevant to this complaint within the scope and course of their employment. Defendants, and each of them, are therefore liable for the conduct of said agents and employees pursuant to Government Code section 12926(d).

41.    As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits, pursuant to which Plaintiff is entitled to general and special damages according to proof.

42.    As a further direct, legal and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof.

43.    Plaintiff is informed and believes and thereupon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights; and were carried out by Defendants' managing agents and/or ratified by Defendants.

44.    Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

45.    Wherefore, Plaintiff has been damaged as set forth above and requests relief as hereafter provided.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 1102.5(b)

## RETALIATION

### (Against all Defendants)

46.    Plaintiff incorporates all of the preceding paragraphs of this complaint as if fully alleged herein.

47.    At all times herein mentioned, the California Whistleblower Protection Act, Labor Code § 1102.5 *et seq.*, was in full force and effect and was binding on Defendants.

7
COMPLAINT

48.    Labor Code § 1102.5(b) states in pertinent part as follows: An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, ... to a person with authority over the employer or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, ... if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

49.    Defendants violated Labor Code § 1102.5(b) by:

a.    Unfairly criticizing Plaintiff's performance, subjecting her to unrealistic recruitment goals, and reprimanding her, leading her to require medical attention, because Plaintiff objected to Defendants' discrimination against job candidates based on their protected characteristics, including without limitation their race, age, and national origin; and

b.    terminating Plaintiff because she objected to Defendants' discrimination against job candidates based on their protected characteristics, including without limitation their race, age, and national origin.

50.    Plaintiff had reasonable cause to believe that the complained-of conduct constituted violations of or noncompliance with state or federal statutes, rules or regulations prohibiting discrimination, harassment, and retaliation in the workplace including, but not limited to, California Government Code § 12900 *et seq.*

51.    The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants' and/or DOES 1-50, who were acting at all times relevant to this Complaint within the scope and course of their employment.

52.    As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits, pursuant to which Plaintiff is entitled to general and special damages according to proof.

8
COMPLAINT

53.    As a further direct, legal and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees according to proof. Labor Code § 1102.5(j)

54.    Plaintiff is informed and believes and thereupon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights; and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

55.    Wherefore, Plaintiff has been damaged as set forth above and requests relief as hereafter provided.

## FOURTH CAUSE OF ACTION

### VIOLATION OF FEHA;

### HOSTILE WORK ENVIRONMENT - HARASSMENT BASED ON SEX

### (Against all Defendants)

56.    Plaintiff incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

57.    At all times herein mentioned, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12900 *et seq.*, was in full force and effect and was binding on Defendants.

58.    FEHA provides that it is an unlawful employment practice for an employer to harass an employee because of the employee's sex, including pregnancy, childbirth, or related medical conditions. Cal. Gov't Code §§ 12940(j)(1), (j)(4)(C). "Sexually harassing conduct need not be motivated by sexual desire." *Id.*

59.    Within the time provided by law, Plaintiff filed a complaint with the California Civil Rights Department ("CRD"), in full compliance with these sections, and received a right to-sue letter.

9
COMPLAINT

60. As set forth more fully above, Plaintiff's supervisors and managing agents of Defendants, among others, created a hostile work environment based on sex by harassing Plaintiff because of her pregnancy.

a. Immediately after Plaintiff disclosed her pregnancy, her supervisor questioned Plaintiff's ability to focus on work while expecting a child;

b. Less than 48 hours after Plaintiff disclosed her pregnancy, her supervisor berated Plaintiff in a call for more than an hour, including criticizing Plaintiff's job performance, negatively comparing her to colleagues, alleging that other employees had complained about Plaintiff, and setting unrealistic individual recruitment goals for Plaintiff; and

c. The same day Plaintiff returned to work following her maternity leave, Temu terminated her employment for the pretextual reason of elimination of Plaintiff's position.

61. As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress and loss of wages, pursuant to which Plaintiff is entitled to general and special damages according to proof.

62. As a further direct, legal and proximate result of Defendants' conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

63. Wherefore, Plaintiff has been damaged as set forth above and requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against all Defendants)

64. Plaintiff incorporates all of the foregoing paragraphs of this complaint as if fully alleged herein.

65. It is against the public policy of California to discharge an employee in retaliation for that employee's engaging in a protected activity or because the employee has a protected characteristic. *See, e.g.,* Cal. Gov't Code § 12940 *et seq.*; Labor Code § 1102.5.

10
**COMPLAINT**

66.    As set forth more fully above, Defendants terminated Plaintiff's employment in whole or in part because she engaged in one or more protected activities and because of her sex, including her pregnancy and childbirth.

67.    By engaging in the above-described conduct, Defendants terminated Plaintiff's employment in violation of California public policy.

68.    As a direct, legal, and proximate result of Defendants' conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which Plaintiff is entitled to general and special damages according to proof.

69.    Plaintiff is informed and believes and thereupon alleges that Defendants' actions and each of them were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents in their individual capacities and as supervisors, managers, officers, and/or directors of Defendants, and were directed and ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

70.    Wherefore, Plaintiff has been damaged as set forth above and requests relief as hereafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

71.    For general damages according to proof, on each cause of action for which such damages are available;

72.    For compensatory damages, according to proof on each cause of action for which such damages are available;

73.    For special damages, including without limitation punitive damages, according to proof on each cause of action for which such damages are available;

74.    That Defendants be ordered to pay and judgment be entered for liquidated damages for Plaintiff, if applicable;

11

**COMPLAINT**

75.     That Defendants be ordered to pay premiums and judgment be entered for Plaintiff, according to proof;

76.     For all available statutory remedies;

77.     For equitable relief to the extent available under law;

78.     For pre- and post- judgment interest to the extent applicable by law;

79.     For reasonable attorneys' fees to the extent permitted by law, including without limitation, under Labor Code §§ 218.5, 218.6, 226, 1194, 2699, and 2802; Code of Civil Procedure § 1021.5; Government Code § 12965(b), and any other relevant provision under California law that provides for recovery of attorneys' fees;

80.     For costs of suit to the extent permissible including without limitation under Labor Code §§ 218.5, 218.5, 226, 1194, 2699, and 2802; Civil Code § 1021.5; Government Code § 12965(b), and any other relevant provision under California law that provides for recovery of costs;

81.     For reinstatement and any applicable civil penalties; and

82.     For such other and further relief as the Court deems proper and just.

Dated: October 30, 2025                    FRANKLIN LAW P.C.

By:_____
                    Zak Franklin
                    Valerie Meyer
                    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 30, 2025                    FRANKLIN LAW P.C.

By:_____
                    Zak Franklin
                    Valerie Meyer
                    Attorneys for Plaintiff

12
**COMPLAINT**

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

October 22, 2025

Su Rincon
2030 Vallejo St. Apt. 504
San Francisco, CA 94123

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202510-31859922
      Right to Sue: Rincon / Whaleco Inc. dba Temu

Dear Su Rincon:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective October 22, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                                    KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

# Exhibit B

 Outlook

---

**Re: Su Rincon v. Whaleco Inc. - CGC-25-630756**

---

**From** Zak Franklin <zak@franklinlawpc.com>
**Date** Wed 2025-12-03 11:36 AM
**To**   Marie Jonas <mjonas@folgerlevin.com>
**Cc**   valerie@franklinlawpc.com <valerie@franklinlawpc.com>; Sherri Hansen <shansen@folgerlevin.com>; Jiyun Cameron Lee <jlee@folgerlevin.com>

Confirmed.

Thanks

 Zak Franklin
Managing Attorney
**Franklin Law P.C.**
(424) 258-5129

*Communications between Franklin Law P.C. and its client(s) or co-counsel are intended to be confidential and not discoverable pursuant to attorney-client privilege, the att doctrine and/or the joint defense privilege. If you received this email in error, please notify the sender and double-delete it from your inbox and sent items. Thank you.*

On Wed, Dec 3, 2025 at 10:00 AM Marie Jonas <mjonas@folgerlevin.com> wrote:

> Thanks, Zak! To confirm, can you agree to extend the deadline to a responsive pleading? If so, we will calendar December 23. As I mentioned, we are in the early stages of evaluating. If we decide to file something other than an Answer, we will of course work out a briefing schedule given the holidays.
>
> _____
> Folger Levin LLP
> **Marie Elizabeth Jonas**
>
> Direct: 415.625.1058 / Mobile: 510.219.4924
> Email:  mjonas@folgerlevin.com
>
> ---
>
> **From:** Zak Franklin <zak@franklinlawpc.com>
> **Sent:** Wednesday, December 03, 2025 9:40 AM
> **To:** Marie Jonas <mjonas@folgerlevin.com>
> **Cc:** valerie@franklinlawpc.com <valerie@franklinlawpc.com>; Sherri Hansen <shansen@folgerlevin.com>; Jiyun Cameron Lee <jlee@folgerlevin.com>
> **Subject:** Re: Su Rincon v. Whaleco Inc. - CGC-25-630756
>
> Hi Marie,
>
> Happy holidays! We can agree to extend defendants' deadline to file an Answer by 15-days. If you want more time than that, then I think we need to do a stipulation.
>
> How about you decide over those 15 days and if you want more time, then send us a draft stipulation?
>
> Looking forward to working with you again
>
>  Zak Franklin
> Managing Attorney
> **Franklin Law P.C.**
> (424) 258-5129
>
> *Communications between Franklin Law P.C. and its client(s) or co-counsel are intended to be confidential and not discoverable pursuant to attorney-client privilege, the attorney work product doctrine and/or the joint defense privilege. If you received this email in error, please notify the sender and double-delete it from your inbox and sent items. Thank you.*
>
> On Tue, Dec 2, 2025 at 12:07 PM Marie Jonas <mjonas@folgerlevin.com> wrote:
>
>> Good afternoon, Zak, good to be in touch again. Valerie, nice to be connected with you.
>>
>> I hope all is well and that you both had pleasant Thanksgiving holidays.

Our firm was recently retained to represent Whaleco, Inc. (d/b/a Temu) in the above-referenced matter. We are just digging in and getting up to speed on this one.

I understand that the responsive pleading is currently due on **December 8, 2025**. To allow time to evaluate the complaint and review the factual background (and push us beyond the holidays), I was hoping you would be amenable to a courtesy 30-day extension of time to respond, bringing us to January 7, 2026. Please let us know.

Thanks very much.

Kindly,
Marie

Folger Levin LLP
**Marie Elizabeth Jonas**
Pronouns: She/Her

33 New Montgomery Street, 19th Floor
San Francisco, CA  94105
Direct: 415.625.1058 / Mobile: 510.219.4924
Email:  mjonas@folgerlevin.com

The message above is intended for the designated recipient(s) only and may contain privileged attorney-client communications.  If you are not an intended recipient, please delete the message and notify the sender at the telephone number or e-mail address above.