FOLGER LEVIN LLP
Jiyun Cameron Lee (CSB No. 161667 jlee@folgerlevin.com)
Marie Jonas (CSB No. 278952 mjonas@folgerlevin.com)
Sherri M. Hansen (CSB No. 302903 shansen@folgerlevin.com)
33 New Montgomery Street, 19th Floor
San Francisco, California 94105
Telephone: 415.625.1050
Facsimile: 415.625.1091

Attorneys for Defendant
Whaleco Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Su Rincon, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Whaleco Inc. dba Temu, a Delaware Corporation; and DOES 1 through 50,<br><br>Defendants. | Case No. 3:25-cv-10452-RFL<br><br>**DEFENDANT WHALECO INC.'S REPLY IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:  February 10, 2026<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 15 - 18th Floor<br>Judge:  Hon. Rita F. Lin |

FOLGER LEVIN LLP
ATTORNEYS AT LAW

Case No. 3:25-cv-10452-RFL

REPLY IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................................ 5

II.     ARGUMENT ............................................................................................................... 6

        A.      Plaintiff's Opposition Confirms Her Claim Is For Discrimination—
                Not Harassment .............................................................................................. 6

                1.      Plaintiff's Subjective Contentions Are Not Entitled To Factual
                        Deference. ........................................................................................... 6

                2.      Section 12923(b) Did Not Convert Personnel Management
                        Into Offensive Conduct Or Ambiguous Comments Into
                        Extreme Epithets. ............................................................................... 8

                3.      The Totality Of The Circumstances Confirms That The
                        Alleged Harassment Was Not "Severe" Or "Pervasive,"
                        And That Plaintiff's Claim Is Not "Plausible." ................................ 9

        B.      Plaintiff Fails To Carry Her Burden To Show Unconscionability. ............... 11

                1.      Plaintiff's Claim That The MAA Is "Procedurally Unconscionable
                        To A High Degree" Finds No Support In The Very Case Law
                        She Cites. ........................................................................................... 11

                2.      Lacking True Substantive Unconscionability, Plaintiff Presents
                        An Amalgam Of Potential Arguments, None Of Which Withstands
                        Scrutiny. ........................................................................................... 13

                3.      To The Extent The Court Finds Any Provision Unconscionable,
                        It Should Be Severed. ...................................................................... 16

        C.      This Matter Should Be Stayed Pending Arbitration And Plaintiff's
                Harassment Claim Should Be Dismissed. ................................................... 17

III.    CONCLUSION ......................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alvarez v. Altamed Health Servs. Corp.*,
60 Cal. App. 5th 572 (2021)..............................................................................11

*Ames v. City of Novato*,
No. 16-cv-02590-JST, 2016 U.S. Dist. LEXIS 142713
(N.D. Cal. Oct. 14, 2016) .....................................................................................7

*Armendariz v. Found. Health*,
24 Cal. 4th 83 (2000)....................................................................................11, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................7

*Bailey v. S.F. Dist. Attorney's Office*,
16 Cal. 5th 611 (2024)..........................................................................................9

*Baltazar v. Forever 21, Inc.*,
62 Cal. 4th 1237 (2016).......................................................................................13

*Beltran v. Hard Rock Hotel Licensing, Inc.*,
97 Cal. App. 5th 865 (2023)..................................................................................8

*Boyle v. Relativity Educ.*,
*No. CV 16-9402 PA (KSx)*, 2017 U.S. Dist. LEXIS 235242
(C.D. Cal. May 12, 2017) ...................................................................................14

*Brown v. Beazley USA Servs., Inc.*,
No. 24-cv-09035-SI, 2025 U.S. Dist. LEXIS 22919
(N.D. Cal. Feb. 7, 2025) ..................................................................................8, 10

*Chin v. Advanced Fresh Concepts Franchise Corp.*,
194 Cal. App. 4th 704 (2011)..............................................................................13

*Cook v. University of Southern California*,
102 Cal. App. 5th 312 (2024)..............................................................................13

*Doe v. Dep't of Corr. & Rehab.*,
43 Cal. App. 5th 721 (2019)..................................................................................8

*Epic Sys. Corp. v. Lewis*,
584 U.S. 497 (2018) ...........................................................................................14

*Gardner v. AMN Healthcare Servs.*,
  No. 25-cv-06509-VC, 2025 U.S. Dist. LEXIS 268715
  (N.D. Cal. Dec. 29, 2025) ...................................................................................................... 16

*Hong Wu v. Shopify USA Inc.*,
  No. 25-cv-05960-RFL, 2025 U.S. Dist. LEXIS 253436
  (N.D. Cal. Dec. 8, 2025) .................................................................................................. 7, 10

*Janken v. GM Hughes Elecs.*,
  46 Cal. App. 4th 55 (1996)................................................................................................. 8, 9

*Johannessen v. JUUL Labs, Inc.*,
  No. 3:23-cv-03681-JD, 2024 U.S. Dist. LEXIS 110903
  (N.D. Cal. June 24, 2024)............................................................................................... 10, 17

*Lange v. Monster Energy Co.*,
  46 Cal. App. 5th 436 (2020)................................................................................................. 14

*Lewis v. Tesla, Inc.*,
  No. 24-cv-08178-AMO, 2025 U.S. Dist. LEXIS 181840
  (N.D. Cal. Sep. 16, 2025) .................................................................................................... 12

*Navas v. Fresh Venture Foods, LLC*,
  85 Cal. App. 5th 626 (2022)................................................................................................. 14

*OTO, L.L.C. v. Kho*,
  8 Cal. 5th 111 (2019)............................................................................................................ 12

*Owen v. Alcresta Therapeutics, Inc.*,
  No. SA CV 23-01557-AB (DFMx), 2025 U.S. Dist. LEXIS 80463
  (C.D. Cal. Apr. 22, 2025)....................................................................................................... 8

*Penilla v. Westmont Corp.*,
  3 Cal. App. 5th 205 (2016).................................................................................................... 16

*Peterson v. Lyft, Inc.*,
  No. 16-cv-07343-LB, 2018 U.S. Dist. LEXIS 197164
  (N.D. Cal. Nov. 19, 2018) .................................................................................................... 16

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
  55 Cal. 4th 223 (2012)........................................................................................................... 11

*Poublon v. C.H. Robinson Co.*,
  846 F.3d 1251 (9th Cir. 2017)......................................................................................... 15, 16

*Reno v. Baird*,
  18 Cal. 4th 640 (1998)............................................................................................................. 9

FOLGER LEVIN LLP
ATTORNEYS AT LAW

-3-                                Case No. 3:25-cv-10452-RFL

REPLY IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

*Rissi v. T-Mobile USA, Inc.*,
    762 F. Supp. 3d 959 (S.D. Cal. 2025) ................................................................. 13, 15

*Saqqa v. San Joaquin Cty.*,
    No. 2:20-cv-00331 WBS AC, 2021 U.S. Dist. LEXIS 171494
    (E.D. Cal. Sep. 8, 2021) ............................................................................................ 10

*Serri v. Santa Clara Univ.*,
    226 Cal. App. 4th 830 (2014).................................................................................. 7, 9

*Smith v. Boehringer Ingelheim Pharms., LLC*,
    No. 3:24-cv-01266, 2025 U.S. Dist. LEXIS 160508
    (D. Conn. Aug. 19, 2025)............................................................................................. 9

*Ting v. AT&T*,
    319 F.3d 1126 (9th Cir. 2003)................................................................................... 15

*Tompkins v. 23andMe, Inc.*,
    840 F.3d 1016, 1028-1029 (9th Cir. 2016) .............................................................. 15

*Van De Hey v. EPAM Sys.*,
    No. 24-cv-08800-RFL, 2025 U.S. Dist. LEXIS 48775
    (N.D. Cal. Feb. 28, 2025)........................................................ 6, 9, 10, 11, 15, 17

*Wexler v. Jensen Pharms., Inc.*,
    No. CV 15-03518-AB (AJWx),
    2015 U.S. Dist. LEXIS 142674 (C.D. Cal. Oct. 20, 2015) ...................................... 10

*Wilson v. Target Corp.*,
    No. 25-cv-00043-AMO, 2025 U.S. Dist. LEXIS 219375
    (N.D. Cal. Nov. 6, 2025) ............................................................................................. 7

## **STATUTES**

Cal. Civ. Code § 1670.5 .................................................................................................. 16

Cal. Civ. Code § 1717 ..................................................................................................... 16

Cal. Gov't Code § 12923.................................................................................................... 5

## **RULES AND REGULATIONS**

2 Cal. Code Regs. § 11019(b)(2)(A) ................................................................................. 9

Fed. R. Civ. Proc. 12(b)(6).......................................................................................... 6, 11

## I.     __INTRODUCTION__

Plaintiff Su Rincon's Opposition to Defendant Whaleco Inc.'s (the "Company's") Petition to Compel Arbitration ("Petition")—and, in particular, her declaration in support thereof—is notable not for what it says, but for what it does *not* say.

*First*, Plaintiff's declaration confirms that her Complaint is one alleging discrimination, not harassment, and thus her case is not exempt from arbitration under the Ending Forced Arbitration of Sexual Assault and Harassment Act ("EFAA"). Her declaration underscores what is missing from her harassment theory: *facts* plausibly alleging sexual harassment. Plaintiff identifies no additional facts suggesting that her manager's single "focus on your family" remark, the subsequent hour-long performance discussion, or her termination five months later involved hostility, aggression, or abuse. What remains are Plaintiff's subjective inferences regarding gender-normative "stereotypes" and her emotional reaction to negative performance feedback. Those contentions may bear on discrimination remedies, if proven, but they are not factual allegations that transform managerial conduct into pregnancy-based "harassment."

Moreover, while Government Code section 12923 clarified that a "single incident" of harassing conduct may be sufficient to create a triable issue of a hostile work environment, it did not convert every workplace slight or ambiguous remark into actionable harassment. Section 12923 also did not disturb the well-established distinction between harassing conduct and personnel management actions, the latter of which cannot be aggregated to state a harassment claim. Plaintiff must still plead "harassing" conduct, and a single, facially neutral comment like "focus on your family" is not harassment, let alone the type of "extreme" one-off comment that could sustain a claim of hostile environment. Any contrary holding would gut the strong policy in favor of enforcing arbitration agreements and expand the scope of the EFAA by giving plaintiffs tools to convert nearly every sex discrimination case into one of sexual harassment. The Court should reject Plaintiff's attempt to collapse the distinction between discrimination and harassment in a transparent attempt to avoid arbitration.

*Second*, Plaintiff has failed to carry her factual burden to show that the Mutual Arbitration Agreement ("MAA"), Yao Dec. ISO Petition Ex. A, should not be enforced to compel arbitration

because it is unconscionable. Plaintiff was not an hourly worker who had just a few minutes on the job to review a densely-worded arbitration clause. Instead, as the offer letter attached to Plaintiff's declaration confirms, she is a highly compensated recruiting professional who was given three full business days to review a standalone, five-page arbitration agreement. Her declaration offers nothing to suggest coercion on the part of the Company, which specifically advised her of her right to consult an attorney.

Because Plaintiff supplies no basis to apply the EFAA or find the agreement unconscionable, the Court should grant the Petition and stay this matter pending arbitration.

## II.    ARGUMENT

### A.    Plaintiff's Opposition Confirms Her Claim Is For Discrimination—Not Harassment

Plaintiff, despite being given the opportunity, offers no new facts to support her harassment claim. *See Van De Hey v. EPAM Sys.*, No. 24-cv-08800-RFL, 2025 U.S. Dist. LEXIS 48775, at *9 (N.D. Cal. Feb. 28, 2025) (on a motion to compel, courts may consider additional evidence to cure deficient pleadings). Instead, she insists that the Court must accept her conclusions about her manager's "suggestion," a "performance" meeting, and their "harassing" impact as facts entitled to deference. She contends that because a single comment *may* support a harassment claim under the amendments to Section 12923(b) of the Government Code, and because she felt negatively impacted by these two interactions and her termination, the totality of her allegations suffice to state a harassment claim under Rule 12(b)(6). That position, if accepted, would convert nearly every sex discrimination case into one for harassment, thereby undercutting the limited scope of the EFAA. Her harassment claim must be disregarded.

#### 1.    Plaintiff's Subjective Contentions Are Not Entitled To Factual Deference.

Plaintiff, by her Opposition, faults the Company for not accepting as true her "experience of" her manager's "suggestion" that she "focus on her family" and the subsequent stress caused by a single performance meeting. Opp. at 11; Compl. ¶¶ 16-17; Pl. Dec. ¶ 16. Plaintiff claims that her manager's comment was "discriminatory" rather than benign, and that the "unwarranted criticism" she received caused her to feel anxious about how her manager viewed her performance and

pregnancy. Opp. at 10; Pl. Dec. ¶ 16.

Plaintiff misses the mark. While the Court must accept as true well-pleaded factual allegations, it need not accept Plaintiff's contention that those events were "harassing" because she "experienced" them negatively. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

Here, the only *facts* pleaded are these: (1) Plaintiff's manager "suggested" that she "focus on [her] family"; (2) two days later, Plaintiff and her manager had an hour-long "conversation" during which the manager shared purely performance-based critiques, and; (3) about five months later, Plaintiff was let go by a different manager. Pl. Dec. ¶ 16; Compl. ¶ 24. Plaintiff's contention that this was harassing conduct because it caused her emotional harm is merely that, her contention, which is not entitled to *factual* deference for the purposes of establishing a plausible harassment claim. *Hong Wu v. Shopify USA Inc.*, No. 25-cv-05960-RFL, 2025 U.S. Dist. LEXIS 253436, at *7 (N.D. Cal. Dec. 8, 2025) ("characterization" of facts as demeaning not entitled to deference).

Viewed objectively, neither the comment, the meeting, nor her termination constitute "harassing" conduct. Harassment requires an "offensive comment" or "abusive conduct" leading to a hostile work environment. *See Wilson v. Target Corp.*, No. 25-cv-00043-AMO, 2025 U.S. Dist. LEXIS 219375, at *6 (N.D. Cal. Nov. 6, 2025) (granting motion for judgment on the pleadings where plaintiff only alleged "conclusory statements" regarding harassment); *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830, 871 (2014) (granting motion for summary judgment where statements about dress not objectively "derogatory" or "offensive"). Here, no such facts are alleged:

- As for the March 10 "suggestion" to focus on her family, Plaintiff does not contend that her manager, Ms. Yao, conveyed the remark with aggression or anger. Pl. Dec. ¶ 15. The statement was not derogatory, cruel, or abusive, and displayed no "meanness or bigotry." *Ames v. City of Novato*, No. 16-cv-02590-JST, 2016 U.S. Dist. LEXIS 142713, at *17-19 (N.D. Cal. Oct. 14, 2016) (noting the court need not accept plaintiff's conclusions regarding defendant's conduct, granting motion to dismiss harassment claim under FEHA premised on managerial activity).

- Plaintiff similarly does not allege that during the March 12 meeting, Ms. Yao ever yelled or shouted, used insults or personal slurs, expressed hostility or aggression, or commented on her pregnancy, looks, or health. Compl. ¶ 16; Pl. Dec. ¶¶ 15-16.

- Plaintiff also does not allege that her August 5 termination involved Ms. Yao or any hostile conduct on the part of any individual. Compl. ¶ 24; *cf. Brown v. Beazley USA Servs., Inc.*, No. 24-cv-09035-SI, 2025 U.S. Dist. LEXIS 22919, at *11 (N.D. Cal. Feb. 7, 2025) (alleging harassing coworker "led the charge" for the plaintiff's termination).

Taken separately or together, these events do not constitute harassment.

2.    Section 12923(b) Did Not Convert Personnel Management Into Offensive Conduct Or Ambiguous Comments Into Extreme Epithets.

Plaintiff also suggests in her Opposition that in amending Section 12923, the legislature upended existing harassment law such that her sparse allegations regarding managerial conduct could support a valid claim. *See* Opp. at 9. This is not correct. Section 12923(b) "did not change the substantive law of sexual harassment." *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 879 (2023).

*First*, in drafting the FEHA, which imposes individual liability on managers for harassment but not for discrimination, the California legislature did not wish to stifle effective management by transforming day-to-day managerial actions—and resulting interactions—into potential harassment claims. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996). Nothing in Section 12923(b) changed that. Here, Plaintiff alleges quintessential management activities of providing stern preliminary performance feedback and responding to an employee's news of her pregnancy by suggesting that she take time for her family. *Owen v. Alcresta Therapeutics, Inc.*, No. SA CV 23-01557-AB (DFMx), 2025 U.S. Dist. LEXIS 80463, at *27-28 (C.D. Cal. Apr. 22, 2025) (granting motion for summary judgment where harassment claim premised on personnel management); *Doe v. Dep't of Corr. & Rehab.*, 43 Cal. App. 5th 721, 738 (2019) (no evidence of conduct rising to level of harassment based on supervising doctor's managerial conduct); *cf. Beltran*, 97 Cal. App. 5th at 880 (summary judgment inappropriate where

plaintiff presented evidence of "multiple incidents of conduct over a period of months, including leering gestures, hand massages, and inappropriate question"). The types of conduct which crosses the line into harassment are those that are wholly unnecessary to carrying out "the legitimate objectives of personnel management," such as making "slurs or derogatory drawings," or "physically interfer[ing] with freedom of movement. *See Reno v. Baird*, 18 Cal. 4th 640, 646 (1998); 2 Cal. Code Regs. § 11019(b)(2)(A). Ms. Yao's behavior, in contrast, was consistent with the "inherent and unavoidable" aspects of the "supervisory function." *Reno*, 18 Cal. 4th at 646; *see also Serri*, 226 Cal. App. 4th at 871 (affirming summary adjudication of harassment claim where conduct of meetings was not overly hostile or tied to protected classification). Likewise, without any facts alleging that Plaintiff's termination was conducted in an objectively abusive manner, Plaintiff's termination remains squarely a personnel management action, not harassment. *See Reno*, 18 Cal. 4th at 646-47; *Janken*, 46 Cal. App. 4th at 63-65.

*Second*, although the 2019 amendment to Section 12923 clarified that a "single incident" of "harassing conduct" could support a harassment claim, the California Supreme Court made clear in 2024 that such circumstances should be rare. In *Bailey v. S.F. Dist. Attorney's Office*, 16 Cal. 5th 611, 630 (2024), the Court found "isolated incidents" of harassing conduct may support a hostile work environment claim only when such incidents are offensive in the extreme, like with an "unambiguous racial epithet such as the 'N-word.'" *Id*. at 629. Suggesting to a newly-pregnant employee that she "focus on her family" is not inherently "odious" or demeaning, and lacks any connotations akin to the use of racial slurs. *Id*. at 630. Indeed, this Court itself recognized in 2025 that an ambiguous, facially innocuous comment is insufficient to plausibly allege harassment. *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *11 (remark regarding the plaintiff's lack of "effusiveness" insufficient to morph discrimination into harassment).

       3.    <u>The Totality Of The Circumstances Confirms That The Alleged Harassment Was Not "Severe" Or "Pervasive," And That Plaintiff's Claim Is Not "Plausible."[1]</u>

Viewed in full, the facts fall far short of supporting a harassment claim. *See Van De Hey*,

---

[1] Plaintiff acknowledges the split between district courts regarding the appropriate standard in

U.S. Dist. LEXIS 48775, at *12 (managerial actions may be considered as part of the "totality of the circumstances" in determining whether separate "harassing conduct" is severe or pervasive). Under the FEHA, harassment requires conduct that is both subjectively and objectively severe or pervasive enough to alter the conditions of employment. *See Saqqa v. San Joaquin Cty.*, No. 2:20-cv-00331 WBS AC, 2021 U.S. Dist. LEXIS 171494, at *30-31 (E.D. Cal. Sep. 8, 2021) (sporadic references to age insufficient to support a harassment claim).

First, as explained above, neither the two conversations nor Plaintiff's termination constitute harassing conduct. While California law allows courts to consider personnel actions as part of the totality of circumstances in assessing the severity or pervasiveness of harassing conduct, it does not allow Plaintiff to piece together normal managerial actions (such as the review meeting and her termination) and commentary (such as a neutral statement to a newly pregnant employee) to manufacture such claim. *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *12. In any event, the alleged conduct was not "severe" or "pervasive."

Plaintiff relies on *Brown*, but that case underscores the weakness of her claim. In *Brown*, the plaintiff alleged that a coworker: (1) criticized her with "unmasked annoyance and aggression"; (2) joined office chats that "disparaged and ostracized" her; (3) blamed the plaintiff when she passed out at work; and (4) "led the charge" to have her fired. *Brown*, 2025 U.S. Dist. LEXIS 22919, at *11. As the Court observed in granting the plaintiff's motion to remand, even these far more egregious facts could only "possibly" state a harassment claim in state court. *Id.*

Plaintiff's attempt to distinguish *Hong Wu*, 2025 U.S. Dist. LEXIS 253436, *Johannessen v. JUUL Labs, Inc.*, No. 3:23-cv-03681-JD, 2024 U.S. Dist. LEXIS 110903 (N.D. Cal. June 24, 2024), and *Wexler v. Jensen Pharms., Inc.*, No. CV 15-03518-AB (AJWx), 2015 U.S. Dist. LEXIS

---

challenging harassment claims considering the EFAA. The reasons this Court articulated in *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *8, for a 12(b)(6) "plausibility" standard still carry weight: most notably, voiding arbitration agreements "even where a plaintiff cannot plausibly plead a claim for sexual harassment could incentivize the bringing of 'facially unsustainable' claims as a mechanism to evade otherwise binding arbitration agreements." *Id.*; *see also Smith v. Boehringer Ingelheim Pharms., LLC*, No. 3:24-cv-01266 (KAD), 2025 U.S. Dist. LEXIS 160508, at *12 (D. Conn. Aug. 19, 2025) (collecting cases).

142674 (C.D. Cal. Oct. 20, 2015) fails. Each involved facts lacking overt animosity, slurs, or derogatory remarks, just as in this case.

The totality of the factual allegations thus makes clear Plaintiff has not alleged a "plausible" harassment claim under Rule 12(b)(6), and the Court should disregard it for EFAA purposes. *Van De Hey*, 2025 U.S. Dist. LEXIS 48775 at *13. Plaintiff's remaining claims are all subject to the Mutual Arbitration Agreement.

### B. Plaintiff Fails To Carry Her Burden To Show Unconscionability.

Not only is Plaintiff unable to avoid arbitration based on the EFAA, she cannot avoid arbitration because she is unable to demonstrate unconscionability. Plaintiff is a highly compensated Recruitment Manager who was given three business days to consider the terms of the MAA and consult with an attorney. California sets a demanding standard for unconscionability: a party must show both procedural and substantive unconscionability, and each must be present to some degree. *Armendariz v. Found. Health*, 24 Cal. 4th 83, 114 (2000).  Courts apply this test on a sliding scale, but they will not invalidate an agreement unless the terms are so one-sided as to "shock the conscience" or reflect genuine oppression or surprise in the contracting process. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012).

#### 1. Plaintiff's Claim That The MAA Is "Procedurally Unconscionable To A High Degree" Finds No Support In The Very Case Law She Cites.

As the Company established in its Petition and as Plaintiff's own evidence makes clear, there is no procedural unconscionability. Plaintiff is a highly compensated recruiting professional who was given three full days to consider the MAA and consult with an attorney. Pl. Dec. ¶¶ 4, 9, and Ex. A; MAA at 5. The MAA itself is clearly labeled and written in plain terms with clear headings throughout. *Id*.

That the MAA was a required term of Plaintiff's employment does not render the MAA procedurally unconscionable as Plaintiff suggests. "[C]ourts have consistently held that 'arbitration [as] a condition of employment, . . . alone is a fairly low level of procedural unconscionability." *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *17-18 (citing *Alvarez v.*

*Altamed Health Servs. Corp.*, 60 Cal. App. 5th 572 (2021), as modified (Mar. 4, 2021)). Taken to its logical conclusion, Plaintiff's argument would render all employment arbitration agreements unenforceable. But that is not the law. *See Lewis v. Tesla, Inc.*, No. 24-cv-08178-AMO, 2025 U.S. Dist. LEXIS 181840, at *13 (N.D. Cal. Sep. 16, 2025) ("if an employee must sign a nonnegotiable employment agreement as a condition of employment but there is no other indication of oppression or surprise, then the agreement will be enforceable unless the degree of substantive unconscionability is high").

Plaintiff's claim that the MAA was the result of "substantial surprise" is at odds with the case she cites. *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111 (2019), on which she relies to argue that the MAA is "filled' with "legal jargon" and drafted to "thwart" her understanding, is factually and legally inapt. As a preliminary matter, the plaintiff in *OTO* was an hourly worker who was given just three or four minutes to sign several documents during work his hours, including an arbitration agreement, without any opportunity to read them. *Id.* at 118. In contrast, Plaintiff had three full business days to review the MAA and was explicitly advised to consult an attorney. *See* MAA at 5.

The MAA's contents, moreover, are fully distinguishable from the agreement in *OTO*. There, the arbitration clause was contained in a misleadingly labelled "Comprehensive Agreement—Employment At-Will and Arbitration" and spelled out "in a dense, single-spaced paragraph, written in a very small [7 or 8.5 pt] typeface that fill[ed] almost an entire page." *OTO*, 8 Cal. 5th at 119. As the California Supreme Court explained, the sentences in the agreement were "complex, filled with statutory references and legal jargon." *Id.* at 128. In contrast, the MAA is a standalone five-page document, prominently titled "MUTUAL ARBITRATION AGREEMENT," in standard size font, with headings, line breaks, and all caps lettering where appropriate. The significance of the MAA was clearly explained ("EACH PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS TO A TRIAL BEFORE A JUDGE AND/OR JURY…"). MAA at 2. In short, unlike the agreement in *OTO*, there was no sharp practice in how the agreement was presented or written. Plaintiff faced a common "take-it-or-leave-it" scenario for employment, one she should know well as a professional recruiter. Procedural unconscionability, if any, is minimal.

2.    Lacking True Substantive Unconscionability, Plaintiff Presents An Amalgam Of Potential Arguments, None Of Which Withstands Scrutiny.

As the Company also established in its Petition, the MAA is a standard employment arbitration agreement that meets or exceeds the *Armendariz* factors. Importantly, the MAA is mutual. All claims related to employment – both those likely to be brought by the employer (for example, trade secret or breach of contract) or the employee (wage claims or discrimination) – are subject to arbitration. *See* MAA at 1. Courts have routinely found that such terms are mutual for the purposes of assessing the scope of claims subject to arbitration. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1249 (2016) (finding no substantive unconscionability when "parties mutually agree to arbitrate all employment-related claims").

Because there is no true substantive unconscionability in the MAA, Plaintiff raises *eleven* purported grounds for a finding of substantive unconscionability. But as to each of her eleven arguments, the law simply does not support a finding of substantive unconscionability.

*First*, relying on *Cook v. University of Southern California*, 102 Cal. App. 5th 312, 319 (2024), Plaintiff asserts that the MAA and the concurrently signed "Confidential Information, Non-Solicitation, and Invention Assignment Agreement" ("CIAA"), Pl. Dec. Ex. B, lack mutuality because third parties are not bound to arbitrate claims against her, while she must arbitrate employment-related claims against them. As a preliminary matter, the CIAA is not relevant because none of Plaintiff's claims involve the CIAA. *See Rissi v. T-Mobile USA, Inc.*, 762 F.Supp.3d 959, 972 (S.D. Cal. 2025) (declining to address whether PAGA waiver was substantively unconscionable because plaintiff had not pled a PAGA claim); *Chin v. Advanced Fresh Concepts Franchise Corp.*, 194 Cal. App. 4th 704 (2011) (plaintiff cannot rely on class action waiver to establish unconscionability when she does not seek to represent a class because it does not hinder her from pursuing a legal remedy in her case). But more importantly, at issue in *Cook* was a broad arbitration agreement encompassing not only employment claims, but claims for any torts or statutory violations. 102 Cal. App. 5th at 317. As the court observed, "if Cook was 'the victim of a botched surgery in a USC hospital in 15 years, her claims could be subject to the arbitration agreement.'" *Id.* at 319. In contrast, here, both the MAA and CIAA are rooted in

Plaintiff's employment. Plaintiff fails to describe any probable circumstance that would lead to the claimed lack of mutuality.

*Second*, Plaintiff alleges a lack of mutuality because the CIAA permits injunctive relief claims for a breach of the CIAA to be brought in court. But such injunctive relief provisions are not unconscionable on their own, because they provide a "margin of safety" for employers "against the possibility that employees will purloin proprietary information and use it against the company." *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436, 450 (2020); *Boyle v. Relativity Educ.*, No. CV 16-9402 PA (KSx), 2017 U.S. Dist. LEXIS 235242, at *17 (C.D. Cal. May 12, 2017) (lack of unconscionability where injunctive and equitable relief carve-out "does not exempt from arbitration the employer's claims for damages" for breach of confidentiality provision).

*Third*, citing *Navas v. Fresh Venture Foods, LLC*, 85 Cal. App. 5th 626 (2022), Plaintiff claims a lack of mutuality because the MAA restricts the right to receive any money from any class or collective action or to bring any claim on a collective basis, and "these are the types of claims that only employees bring against employers." *Id.* at 636. As a preliminary matter, *Navas* did not concern a provision regarding the waiver of class or collective actions. More importantly, the issue of whether an employer can enforce a class or collective action waiver in mandatory arbitration agreements was settled in *Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018).

*Fourth*, Plaintiff complains that the CIAA requires Plaintiff to cooperate with the Company (*see* Opp. at 17), without imposing the same cooperation obligation on the Company. Unexplained is why this is relevant in this suit, or in what circumstance Plaintiff would require the Company's cooperation in a dispute between Plaintiff and a third party.

*Fifth*, once again relying on the CIAA, Plaintiff complains that it binds her heirs, executors, administrators, and other legal representatives without a similar clause binding the Company and its affiliates. *See* Opp. at 17 -18, *citing* CIAA, ¶ 14. Again, the CIAA—in particular, any provision unrelated to dispute resolution—is not relevant to this lawsuit. Moreover, Paragraph 14 is consistent with the CIAA's overall purpose of protecting the Company's Confidential Information.

*Sixth*, Plaintiff contends that the MAA includes a waiver of Plaintiff's right to bring

representative claims under the Private Attorney General Act ("PAGA"). But the agreement has a carve out for PAGA claims brought in a representative capacity. MAA at 2 ("The parties agree that any non-individual claim asserted under PAGA involving any violations suffered by other individuals will be stayed pending the outcome of the arbitration"). Moreover, no such class or representative claim is at issue in this case. *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *21 (Plaintiff "does not seek to bring a [representative] action, so she cannot rely on the … waiver to establish that arbitration would be substantively unconscionable in her case.").

*Seventh*, Plaintiff alleges that the MAA "dictate[s] that the arbitration shall take place in Boston." The MAA actually states that the arbitration shall take place in Boston, "unless the Parties agree to another mutually convenient location." MAA at 3. Moreover, the applicable rules of the American Arbitration Association state that hearings may take place "virtually" and the arbitrator may set a new location if justice requires. Jonas Dec. ISO Reply Ex. A (AAA Employment Rules), at 12, 18. Courts have found that even if an arbitration venue clause is inconvenient, it is not unconscionable unless the forum is "unavailable or unable to accomplish substantial justice," particularly where the arbitrator can modify the locale in the interest of justice. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1265 (9th Cir. 2017); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1028-1029 (9th Cir. 2016) (California courts have generally expressed a policy approving forum selection clauses and cannot apply a different standard for arbitration); *Rissi*, 762 F.Supp.3d at 970 (forum selection clause is not substantively unconscionable because it permits the parties to agree to an alternative arbitration location other than that specified).

*Eighth*, Plaintiff contends that the MAA's language, carving out harassment claims while allowing other claims to proceed in arbitration, renders the agreement unconscionable because it is inconsistent with the EFAA. But the MAA explicitly contemplates additional claims being subject to litigation in court where required by law. MAA at 1.

*Ninth*, relying on *Ting v. AT&T*, 319 F.3d 1126, 1151 n. 16 (9th Cir. 2003), Plaintiff asserts that a standard confidentiality clause renders the MAA unconscionable. But as the Ninth Circuit has held, subsequent California state court decisions have undermined the holding in *Ting*. *Poublon*, 846 F.3d at 1267. Under current California and Ninth Circuit law, privacy provisions

like the one at issue do not render the arbitration provision unconscionable. *Id.* at 1265-67 (citations omitted); *Peterson v. Lyft, Inc.*, No. 16-cv-07343-LB, 2018 U.S. Dist. LEXIS 197164, at *14 (N.D. Cal. Nov. 19, 2018).

*Tenth*, Plaintiff, again citing *Cook*, notes the MAA has no end date, binding her to arbitrate even post-employment. This is not unusual, and ensures that even claims arising after termination (like the claims here) are covered. The CIAA's duration also appropriately extends after the termination of employment, because the Company's interest in protecting its Confidential Information does not end when employment terminates. In contrast, *Cook* concerned an agreement to arbitrate all—not just employment—claims and was thus unconscionable in scope and duration. *See Gardner v. AMN Healthcare Servs.*, No. 25-cv-06509-VC, 2025 U.S. Dist. LEXIS 268715, at *3 n.1 (N.D. Cal. Dec. 29, 2025) (indefinite duration "problem" only arises alongside the "sweeping scope" of an agreement like in *Cook*).

*Eleventh* and finally, Plaintiff turns to hypothetical fee shifting under the CIAA to argue that the MAA is unconscionable. But this provision does not implicate any of Plaintiff's employment claims. And as Plaintiff points out, under the Civil Code, a non-mutual contractual fee provision transforms to a mutual one by operation of law. *See* Cal. Civ. Code § 1717.

Plaintiff's eleven grounds do not withstand scrutiny under the law and the facts. Plaintiff has not met her burden to show substantive unconscionability.

### 3. To The Extent The Court Finds Any Provision Unconscionable, It Should Be Severed.

Even if the Court identified any particular clause of the MAA or CIAA to be unconscionable, the proper remedy would be to sever or restrict that clause and enforce the remainder.

Both the MAA and CIAA contain severability clauses. California law favors severance if it will preserve the essence of the parties' agreement. Cal. Civ. Code § 1670.5; *Armendariz*, 24 Cal. 4th at 124. Severance is appropriate because the agreements Plaintiff signed are not "permeated by an unlawful purpose," nor would the Court be required to rewrite the MAA or the CIAA by severance. *See Penilla v. Westmont Corp.*, 3 Cal. App. 5th 205, 223 (2016) ("An unconscionable

contractual term may be severed and the resulting agreement enforced, unless the agreement is permeated by an unlawful purpose, or severance would require a court to augment the agreement with additional terms").

### C.    **This Matter Should Be Stayed Pending Arbitration And Plaintiff's Harassment Claim Should Be Dismissed.**

Given the above, the FAA requires that this Court grant the petition to compel arbitration. All of Plaintiff's valid claims are covered by an arbitration agreement and no applicable defense negates that agreement. Under FAA § 3, once a dispute is referred to arbitration, the Court "shall" stay the litigation of that dispute in the interim. Courts in this district routinely stay proceedings in this scenario. *Van De Hey*, 2025 U.S. Dist. LEXIS 48775, at *21; *Johannessen*, 2024 U.S. Dist. LEXIS 110903, at *12. Plaintiff's suggestion that her harassment claim should remain in federal court and not be stayed ignores the prerequisite legal determination that the claim is inadequately pleaded: the claim can be dismissed. There is no basis to keep that, or any claim, in federal court.

### III.    **CONCLUSION**

Plaintiff signed a clear, mutual arbitration agreement after ample time to review and consult counsel. She offers no facts to show harassment and no basis to find the agreement unconscionable. The MAA must be enforced. The Court should grant the Petition.

Dated:  January 27, 2026                    FOLGER LEVIN LLP


                                            _/s/ Marie Jonas_
                                            Marie Jonas
                                            Attorneys for Defendant
                                            Whaleco Inc.

4911-0604-6344, v. 14

FOLGER LEVIN LLP
ATTORNEYS AT LAW