UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SU RINCON,

          Plaintiff,

      v.

WHALECO, INC.,

          Defendant.

Case No.  25-cv-10452-RFL

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Re: Dkt. No. 12

Plaintiff Su Rincon sued Defendant Whaleco Inc. dba Temu (hereinafter, "Temu") in California state court.  Rincon alleges that Temu discriminated against, retaliated against, and terminated her because of her pregnancy.  (Dkt. No. 1-2 at 7 ("Compl.").)[1]  Temu removed the case based on diversity of citizenship (Dkt. No. 1) and moves to compel arbitration pursuant to the Mutual Arbitration Agreement ("MAA") that Rincon signed before beginning her employment at Temu (Dkt. No. 12).  For the reasons that follow, the motion to compel arbitration is **GRANTED**, and the action is **STAYED** pending the arbitration proceedings.  This order assumes the parties' familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

Under the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Accordingly, "a district court determines (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."

---

[1] All references to page numbers refer to ECF pagination.

1

*Cruz v. New Champion Promotions, LLC*, No. 23-cv-06608-WHO, 2024 WL 3972990, at *3 (N.D. Cal. Aug. 27, 2024).  The MAA requires arbitration of all employment disputes between Rincon and Temu, but it carves out "claims for sexual assault or sexual harassment as those terms are defined" by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA").  (Dkt. No. 12-2 at 2.)  Because the MAA's arbitration provision applies to Rincon's claims and Rincon has no viable basis to avoid the MAA, the motion to compel is granted.

First, the arbitration provision applies to Rincon's claims.  To invoke the EFAA and thus avoid the arbitration provision, Rincon must plead a plausible claim for sexual harassment.  *See Van De Hey v. EPAM Sys. Inc.*, No. 24-cv-08800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025).  A plaintiff must show "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  Harassment based on pregnancy constitutes sexual harassment under California law.  *Van De Hey*, 2025 WL 829604, at *4.

Rincon fails to state a plausible sexual harassment claim.  She alleges that (a) after she informed her manager of her pregnancy, her manager "suggested that [she] put all her focus on her family"; (b) on another call, her manager berated her for more than an hour, criticizing her performance, negatively comparing her to colleagues, alleging other employees had complained about her, and setting unrealistic individual recruitment goals; and (c) Temu terminated her employment on her first day returning from maternity leave.  (Compl. ¶¶ 15–16, 24.)  These allegations are insufficient to state a plausible sexual harassment claim.  Personnel management decisions "such as hiring and firing, . . . performance evaluations, . . . and the like, do not come within the meaning of harassment." *Reno v. Baird*, 18 Cal. 4th 640, 646–47 (1998).  Although Rincon alleges that she understandably experienced significant distress from her manager berating her on a basis she believed to be discriminatory, harsh and unfair criticism in a performance evaluation is a personnel action, not harassment.  Furthermore, "offhand comments

and isolated incidents" like Rincon's manager's suggestion that she focus on her family "are not sufficient to create an actionable claim of harassment." *Van De Hey*, 2025 WL 829604, at *4 (quoting *Bailey v. S.F. Dist. Attorney's Off.*, 16 Cal. 5th 611, 628 (2024)) (cleaned up). Considering the totality of circumstances, Rincon's allegations do not plausibly state a claim for sexual harassment under California law.  Accordingly, she may not opt her case out of arbitration under the EFAA or the terms of the MAA's arbitration provision.  *See id.* at *5.

Second, the MAA's arbitration provision is enforceable.  Rincon and a representative of Temu both signed the MAA.  (Dkt. No. 12-2 at 6.)  Indeed, Rincon does not contest that she entered into the MAA.  Instead, she argues that the MAA is unenforceable because it is both procedurally and substantively unconscionable.  (Dkt. No. 15 at 14–20.)  However, Rincon has not carried her burden of demonstrating that the MAA is unconscionable.  *See Chee v. Tesla Inc.,* 732 F. Supp. 3d 1056, 1063 (N.D. Cal. 2024).

Even when considering the MAA in conjunction with the Confidential Information, Non-Solicitation, and Invention Assignment Agreement ("CIAA"),[2] the agreements are only minimally procedurally unconscionable.  (Dkt. No. 15 at 14 n.2.)  The MAA and CIAA were both imposed on Rincon as a condition of her employment, and although she was given three days to consider the agreements and the opportunity to consult with a lawyer, Rincon did not appear to have any opportunity to meaningfully negotiate the terms of the agreements.  To be sure, the agreements do contain qualifying language and provisions whose precise interaction with other provisions might not be clear on first impression.  (*Id*. at 16.)  However, the agreements are not so complex and do not involve excessive legal jargon such that they "appear[] to have been drafted with an aim to thwart, rather than promote, understanding"— particularly in light of the amount of time Rincon had to review them.  *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 129 (2019).  Having established only that the agreements were contracts of

---

[2] This order does not reach Temu's argument that the CIAA is not relevant to whether the MAA is unconscionable because, even when considered together, the agreements are not sufficiently unconscionable to bar the enforcement of the MAA's arbitration provision.

adhesion but resulted in "little to no oppression or surprise," Rincon has shown minimal procedural unconscionability. *Lewis v. Tesla, Inc.*, No. 24-cv-08178-AMO, 2025 WL 2653639, at *6 (N.D. Cal. Sept. 16, 2025).

The agreements are also not substantively unconscionable such that the arbitration provision should not be enforced. The arbitration provision in the MAA is mutual, and thus not sufficiently unfair to render it unconscionable, because employment claims brought by both Temu and Rincon are subject to arbitration. *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1249 (2016). Even if the provision does not require Temu's affiliates to arbitrate their claims against Rincon, that does not make the provision substantively unconscionable in light of the provision's limitation to claims arising from her employment. *See McKeown v. SAS Retail Servs., LLC*, No. 25-cv-03654-HSG, 2025 WL 3563717, at *6 (N.D. Cal. Dec. 12, 2025); *Cook v. Univ. of S. Cal.*, 102 Cal. App. 5th 312, 328 (2024), *reh'g denied* (June 13, 2024). Rincon also argues that the agreements allow claims for injunctive relief to be brought in court while other claims must be brought in arbitration, but she offers no support for her assertion that claims for injunctive relief are "more likely to be brought by the employer." (Dkt. No. 15 at 17.) In any event, the agreements are mutual on this issue, allowing both Rincon and Temu to bring claims for injunctive relief in court. (Dkt. No. 12-2 at 2.)

Requiring Rincon and Temu to waive the ability to participate in class or collective actions is permissible. *See Walters v. Luxottica of Am. Inc.*, No. 23-cv-01099-FWS-MAA, 2024 WL 661195, at *13 (C.D. Cal. Jan. 5, 2024). And, in any event, Rincon does not bring a class or representative claim in this litigation, so those waiver provisions would not render the arbitration agreement substantively unconscionable here. (*See* Dkt. No. 12-2 at 2.) Furthermore, Rincon offers no authority supporting her assertion that (a) the absence of a reciprocal obligation for Temu to cooperate with Rincon and (b) the agreements' failure to bind Temu's successors and assigns despite binding Rincon's successors and assigns render the agreements substantively unconscionable. (Dkt. No. 15 at 17–18.)

The agreements do not require an arbitration location that disproportionately burdens Rincon.  To the contrary, the applicable rules of the American Arbitration Association permit the hearings to take place virtually (Dkt. No. 16-1 at 21), and the arbitration agreement allows the parties to agree to "another mutually convenient location" (Dkt. No. 12-2 at 4).  Rincon thus has not shown that her "preferred forum to arbitrate is 'unavailable or unable to accomplish substantial justice.'"  *Rissi v. T-Mobile USA, Inc.*, 762 F. Supp. 3d 959, 970 (S.D. Cal. 2025) (quoting *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016)).  Nor do the agreements require arbitrating claims that the EFAA requires to be arbitrated, as the agreements clarify that disputes covered by the EFAA "shall be resolved in an appropriate forum as required by the laws then in effect."  (Dkt. No. 12-2 at 2.)

Although the MAA has no end date, and the CIAA continues beyond termination, that does not render the agreement substantively unconscionable either, given the limited scope of claims to which the arbitration provision applies.  *Gardner v. AMN Healthcare Servs., Inc.*, No. 25-cv-06509-VC, 2025 WL 3751929, at *1 n.1 (N.D. Cal. Dec. 29, 2025).  Finally, the mere inclusion of a confidentiality provision is not per se unconscionable, and Rincon does not identify any other aspect of the agreements that, combined with the confidentiality provision, renders the agreements substantively unconscionable.  *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1267 (9th Cir. 2017); *Morgan v. Xerox Corp.*, No. 13-cv-00409-TLN-AC, 2013 WL 2151656, at *5 (E.D. Cal. May 16, 2013).

The one-sided provision in the CIAA requiring employees to pay Temu's "actual attorneys' fees and expenses incurred in seeking to enforce" the agreement (*see* Dkt. No. 15-3 at 8) is substantively unconscionable even if California Civil Code Section 1717 might "provide employees relief from the provision's one-sidedness." *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 88–89 (2014); *Samaniego v. Empire Today LLC*, 205 Cal. App. 4th 1138, 1147 (2012).  However, the CIAA contains a severability clause, and severing this provision is appropriate.  (Dkt. No. 15-3 at 9.)  There is no indication that the CIAA or MAA are "permeated by an unlawful purpose," nor would severance require the Court to rewrite the

CIAA. *Penilla v. Westmont Corp.*, 3 Cal. App. 5th 205, 223 (2016). Because the Court finds only minimal procedural unconscionability and the only provision in the agreements that is substantively unconscionable can be severed, the arbitration provision in the MAA may be enforced against Rincon.

For the foregoing reasons, the motion to compel arbitration is granted. Because the EFAA does not cover Rincon's harassment claims, Rincon's alternative argument that the agreements require her harassment claims to continue in court rather than be stayed pending arbitration fails. (Dkt. No. 15 at 20.) The case is **STAYED** pending arbitration. The parties shall file a joint status report every 180 days to update the Court on the arbitration proceedings and shall file a status report within 14 days of the completion of arbitration proceedings. The parties' first status report is due by **October 12, 2026**.

**IT IS SO ORDERED.**

Dated: April 14, 2026

RITA F. LIN
United States District Judge